UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Jose Adames et al.,

                Plaintiff,

                                      **Hon. Hugh B. Scott**

                                      12CV569[2]

                v.                                    **Order**

Top Line Restaurants, Inc.

                Defendant[1].
_____

      Before the Court is the defendant's motion to seal certain documents in this matter. (Docket No. 107).

      The plaintiffs, Jose Adames and Sally Irizarry brought this action individually and as parents of Tatyana Adames (referred to collectively as "Adames") seeking damages relating to the personal injuries allegedly suffered by Tatyana (an infant) when a cup of coffee was spilled on her at the Denny's Restaurant located in Angola, New York. The jury trial in this matter commenced on September 29, 2014. After two full days of trial, the parties advised the Court that they had reached a settlement in this matter. (Docket No. 103).

---

[1] The parties have represented to the Court that they have stipulated to the release of G.B. Restaurants, Inc. as a defendant in this matter. A written stipulation to that effect has not been filed with the Court. In the instant motion to seal, the defendants again represent that the parties have agreed that G.B Restaurants Inc. should be "removed from this action." (Docket No. 107 at ¶ 2).

[2] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket No. 76).

The defendants now move the Court, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, "to permit filing of all *further* proceedings herein under seal." (Docket No. 107 at ¶ 3)(emphasis added).  In support of the motion to seal, the defendant asserts that sealing is necessary in order for the parties to fully comply with the confidentiality agreement that the parties have also agreed upon. (Docket No. 107-1 at ¶7).

There is a strong presumption favoring public access to court records. See, e.g., Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). "The public has a common law presumptive right of access to judicial documents and likely a constitutional one as well." Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir.2004). Transparency in court proceedings generally furthers public interest. E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 940 n. 31 (2d Cir.1998) (citing Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir.1994)). Providing access to court records "promotes public confidence in the judicial system ... the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995).

This presumption of access applies to infant settlements. As noted in C.M. ex rel. P.M. v. Syosset Cent. School Dist., 2013 WL 5799908 (E.D.N.Y.,2013):

> [W]hile I understand and endorse the idea that the secrecy of settlement terms is generally useful in promoting consensual resolutions notwithstanding the potential loss of transparency, I must assume that the applicable law concerning infant compromise proceedings reflects a societal determination of how best to balance those interests. Because I can find no provision of that law—either as applied in New York State or as incorporated into the local rules of this court—that generally requires or permits the filing of proposed settlements under seal, I must assume that the balance of interests favors openness absent some particularized need for secrecy arising from the circumstances of a given case. It is hardly surprising that the relevant policy-makers might have

> determined that infant compromises should be subject to greater public scrutiny than settlements among adult parties. Just as the vulnerability of infant parties to overreaching by those who litigate on their behalf warrants greater judicial oversight of settlements in which they are involved, so too might it warrant public scrutiny of judicial approval of such settlements. Such scrutiny is impossible where the parties are permitted to seal the settlement proceedings.

Syosset Cent. School Dist., 2013 WL 5799908 at *5 quoting Joji v. Kuwait Airways Corp., 2010 WL 1286362, at *1 (E.D.N.Y. Apr. 2, 2010).

The Court notes that the amount of the agreed upon settlement in this matter has already been disclosed in open Court and included in the Verified Petition for Infant Settlement and supporting papers (Docket Nos. 104 and 105) which were filed prior to the filing of the instant motion to seal. Although that parties have agreed between themselves not to disseminate information regarding the terms of the settlement, this agreement does not bind the Court, nor outweigh the public interest in the openness of Court proceedings. The motion to seal the settlement agreement and related papers is denied, with the exception that Exhibits A through F, submitted in support of the petition for approval of the infant settlement. Because those exhibits consist primarily of medical records and photographs of the infant's injuries, they shall be filed under seal.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 6, 2014